No. 25,539.

THE STATE OF KANSAS, *Appellee*, v. MIKE NOVAK, *Appellant*.

SYLLABUS BY THE COURT.

LIQUOR LAW—*Evidence Sufficient to Convict—Persistent Violator*.  In a prosecution for violating the intoxicating-liquor law several alleged errors considered, and held to be without substantial merit.

Appeal from Douglas district court; HUGH MEANS, judge.   Opinion filed June 7, 1924.  Affirmed.

*H. W. Euler, W. E. Atchison*, both of Topeka, and *Edward T. Riling*, of Lawrence, for the appellant.

*C. B. Griffith*, attorney-general, and *A. B. Mitchell*, county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.:  Appellant was convicted of being a persistent violator of the prohibitory liquor law.   There is no controversy about the prior conviction.

Appellant contends the evidence of his possession of intoxicating liquor at the time of his arrest was not sufficient to sustain the conviction.   The evidence was largely the testimony of an accomplice arrested with appellant, but this testimony was corroborated by many facts and circumstances, and considered together the proof was abundant.

Complaint is made of the instructions.   It is pointed out that the state's evidence developed two theories, upon either of which a verdict of guilty might have been found.   One was the agreement tes-

tified to by the accomplice, Heffner, as having been made at Topeka, and the other was as to the situation when the parties and the whisky were found by the officers and taken into custody.    Appellant contends that the court did not give appropriate instructions pertaining to the situation at the time of the arrest, treating that as the sole evidence of the offense, though he did give proper instructions pertaining to the agreement at Topeka.    If appellant's theory about this is correct, the omission of the court to instruct upon one theory under which appellant might have been found guilty was to his advantage and he cannot complain.    Correctly considered, the instructions treated the agreement to get the whisky, testified to as having been made at Topeka, and all that was done in connection with it and its possession by the parties at the time of their arrest, as constituting the offense charged.    So construed, they omitted nothing vital to the appellant.    Complaint is made of the refusal of the court to give instructions requested.    These pertain to particular phases of the testimony, and were properly refused.    The instructions given by the court covered all that was necessary to be given.

At the hearing of the motion for new trial appellant offered the affidavits of three witnesses who were in jail at Lawrence with Heffner, the principal witness for the state, to the effect that Heffner made statements contradictory to his testimony given at the trial. Counter affidavits were filed by the state.    There was no showing of diligence to have these witnesses present at the trial.    The contents of their affidavits were in part cumulative and were impeaching in character; but aside from these considerations, the court might well have refused the new trial based upon these affidavits for the reason that the character of the affiants and the circumstances under which the affidavits were given, as well as the subject matter of the affidavits, would not be likely to produce a different result on a new trial.    The court was justified in not giving much credence to these affidavits.

Lastly, it is suggested that the venue was not proved.    Appellant was arrested about ten miles west of Lawrence near the Fort-to-Fort road between Lawrence and Big Springs, both of which places are in Douglas county, a fact of which this court will take judicial notice.

Finding no error in the record the judgment is affirmed.